IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARJORIE FOUNDS, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| | : | |
| Plaintiff, | : | Transferred from the |
| | : | Northern District of |
| v. | : | California |
| | : | (Case No. 11-02212) |
| | : | |
| FOSTER WHEELER LLC, | : | |
| ET AL., | : | E.D. PA CIVIL ACTION NO. |
| | : | 2:11-67265-ER |
| Defendants. | : | |

### O R D E R

**AND NOW**, this **28th** day of **January, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant Puget

Sound Commerce Center, Inc. (ECF No. 10-69380, Doc. No. 19) is

**GRANTED in part; DENIED in part.**[1]

---

[1]    This case was transferred in August of 2011 from the
United States District Court for the Northern District of
California to the United States District Court for the Eastern
District of Pennsylvania as part of MDL-875.

Plaintiff Marjorie Founds alleges that Decedent Donald
Founds ("Decedent" or "Mr. Founds") was exposed to asbestos,
inter alia, while working as a boiler tender in the Navy.
Defendant Puget Sound Commerce Center, Inc. (f/k/a Todd Shipyards
Corporation, and hereinafter "Todd Shipyards") built ships. The
alleged exposure pertinent to Defendant Todd Shipyards occurred
during Mr. Founds' work aboard:

- USS McKean (DD-784)

Plaintiff brought claims against various defendants to
recover damages for Mr. Founds' alleged asbestos-related death.
Defendant Todd Shipyards has moved for summary judgment arguing
that (1) Plaintiff cannot establish that Defendant (or any
product of Defendant's) caused Decedent's illness, (2) Plaintiff
cannot establish that Defendant was negligent in any way that
caused his illness, (3) it is immune from liability by way of the

government contractor defense, and (4) it is entitled to summary judgment on grounds of the sophisticated user defense.

Defendant contends that California or maritime law applies. Plaintiff appears to contend that California law applies.

## I.    Legal Standard

### A.    Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B.    The Applicable Law

#### 1.    Government Contractor Defense (Federal Law)

Defendant's motion for summary judgment on the basis of the government contractor defense is governed by federal law.   In matters of federal law, the MDL transferee court applies the law of the circuit where it sits, which in this case is the law of the U.S. Court of Appeals for the Third Circuit. Various

_Plaintiffs v. Various Defendants ("Oil Field Cases")_, 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.).

      2.    State Law Issues (Maritime versus State Law)

      Defendant contends that either maritime law or California law applies. Where a case sounds in admiralty, application of a state's law (including a choice of law analysis under its choice of law rules) would be inappropriate. _Gibbs ex rel. Gibbs v. Carnival Cruise Lines_, 314 F.3d 125, 131-32 (3d Cir. 2002). Therefore, if the Court determines that maritime law is applicable, the analysis ends there and the Court is to apply maritime law. _See_ _id._

      Whether maritime law is applicable is a threshold dispute that is a question of federal law, _see_ U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. _See_ _Various Plaintiffs v. Various Defendants ("Oil Field Cases")_, 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. _See_ _Conner v. Alfa Laval, Inc._, 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

      In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. _Id._ at 463-66 (discussing _Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co._, 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. _Id._ In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. _See_ _Sisson v. Ruby_, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." _See_ _Deuber v. Asbestos Corp. Ltd._, No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in _Conner_) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'"

Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

### Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

### Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that the alleged exposures pertinent to Defendant Todd Shipyards occurred aboard a ship. Therefore, these exposures were during sea-based work. See Conner, 799 F. Supp. 2d 455; Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is applicable to Plaintiff's claims against Todd Shipyards. See id. at 462-63.

### C.   A Navy Ship Is Not a "Product"

This Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack v. General Electric Co., 896 F. Supp. 2d 333, 345 (E.D. Pa. 2012) (Robreno, J.). As such, a shipbuilder defendant cannot face liability on a strict product liability claim. Id.

4

D.   Navy Shipbuilder Negligence Under Maritime Law

This Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

E.   Causation Under Maritime Law

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show, for each defendant, that, inter alia, he was exposed to asbestos for which the defendant is liable such that the asbestos was a substantial factor in causing the injury he suffered. Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir. 2001). A mere showing that an asbestos product was present somewhere at plaintiff's place of work is insufficient. Id. Rather, the plaintiff must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Id. at 376 (quoting Harbour, 1991 WL 65201, at *4).

F.   Government Contractor Defense

To satisfy the government contractor defense, a defendant must show that (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to those specifications; and (3) it warned the United States about the dangers in the use of the equipment that were known to it but not to the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). As to the first and second prongs, in a failure to warn context, it is not enough for defendant to show that a certain product design conflicts with state law requiring warnings. In re Joint E. & S.D.N.Y. Asbestos Litig., 897 F.2d 626, 630 (2d Cir. 1990). Rather, the defendant must show that the government "issued reasonably precise specifications covering warnings-specifications that reflect a considered judgment about the warnings at issue." Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010)(Robreno, J.)(citing Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 143 (D. Mass. 2009)). Government approval of warnings must "transcend rubber stamping" to allow a defendant to be shielded from state law liability. 739

5

_____

F. Supp. 2d at 783.  This Court has previously cited to the case
of <u>Beaver Valley Power Co. v. Nat'l Engineering & Contracting
Co.</u>, 883 F.2d 1210, 1216 (3d Cir. 1989), for the proposition that
the third prong of the government contractor defense may be
established by showing that the government "knew as much or more
than the defendant contractor about the hazards" of the product.
<u>See</u>, <u>e.g.</u>, <u>Willis v. BW IP Int'l, Inc.</u>, 811 F. Supp. 2d 1146
(E.D. Pa. Aug. 29, 2011)(Robreno, J.); <u>Dalton v. 3M Co.</u>, No. 10-
64604, 2011 WL 5881011, at *1 n.1 (E.D. Pa. Aug. 2, 2011)
(Robreno, J.). Although this case is persuasive, as it was
decided by the Court of Appeals for the Third Circuit, it is not
controlling law in this case because it applied Pennsylvania law.
Additionally, although it was decided subsequent to <u>Boyle</u>, the
Third Circuit neither relied upon, nor cited to, <u>Boyle</u>.

     G.   <u>Government Contractor Defense at Summary Judgment Stage</u>

       This Court has noted that, at the summary judgment
stage, a defendant asserting the government contractor defense
has the burden of showing the absence of a genuine dispute as to
any material fact regarding whether it is entitled to the
government contractor defense. <u>Compare</u> <u>Willis</u>, 811 F. Supp. 2d at
1157 (addressing defendant's burden at the summary judgment
stage), <u>with</u> <u>Hagen</u>, 739 F. Supp. 2d 770 (addressing defendant's
burden when Plaintiff has moved to remand). In <u>Willis</u>, the MDL
Court found that defendants had not proven the absence of a
genuine dispute as to any material fact as to prong one of the
<u>Boyle</u> test since plaintiff had submitted affidavits controverting
defendants' affidavits as to whether the Navy issued reasonably
precise specifications as to warnings which were to be placed on
defendants' products. The MDL Court distinguished <u>Willis</u> from
<u>Faddish v. General Electric Co.</u>, No. 09-70626, 2010 WL 4146108 at
*8-9 (E.D. Pa. Oct. 20, 2010)(Robreno, J.), where the plaintiffs
did not produce any evidence of their own to contradict
defendants' proofs. Ordinarily, because of the standard applied
at the summary judgment stage, defendants are not entitled to
summary judgment pursuant to the government contractor defense.

     H.   <u>Sophisticated User Defense Under Maritime Law</u>

       This Court has previously held that a manufacturer or
supplier of a product has no duty to warn an end user who is
"sophisticated" regarding the hazards of that product. <u>Mack</u>, 896
F. Supp. 2d at 342. In doing so, the Court held that the
sophistication of an intermediary (or employer) - or the warning
of that intermediary (or employer) by a manufacturer or supplier

---

- does not preclude potential liability of the manufacturer or supplier. Id. at 343. As set forth in Mack, a "sophisticated user" is an end user who either knew or belonged to a class of users who, by virtue of training, education, or employment could reasonably be expected to know of the hazards of the product at issue. Id. When established, the defense is a bar only to negligent failure to warn claims (and is not a bar to strict product liability claims). Id.

## II.  Defendant Todd Shipyards' Motion for Summary Judgment

### Exposure / Causation / Product Identification

Todd Shipyards argues that Plaintiff cannot establish his strict products liability claim against it because (1) Plaintiff cannot show that Todd manufactured a "product" (i.e., a ship is not a "product" for purposes of strict products liability law), and (2) Plaintiff has no evidence that Todd Shipyards failed to provide a warning, caused a design defect, caused a manufacturing defect, or otherwise caused his illness. Specifically, it argues that (a) Todd had no duty to warn about anything other than the ship itself (i.e., no duty to warn about the various products on it), and (b) Plaintiff does not have evidence to establish exposure to an asbestos-containing product installed by Todd aboard the ship.

### No Evidence of Negligence

Todd Shipyards argues that Plaintiff cannot establish her negligence claim against it because (1) Plaintiff cannot establish that Todd breached a legal duty of care owed to Decedent, and (2) Plaintiff cannot establish that Todd's conduct "affirmatively contributed" to his alleged asbestos exposure.

### Government Contractor Defense

Todd Shipyards asserts the government contractor defense, arguing that it is immune from liability in this case, and therefore entitled to summary judgment, because the Navy exercised discretion and approved reasonably precise specifications for the products at issue, Defendants provided warnings that conformed to the Navy's approved warnings, and the Navy knew about the hazards of asbestos. In asserting this defense, Todd Shipyards relies upon the affidavits of Admiral Roger B. Horne, Jr. and Dr. Stuart E. Salot.

7

Sophisticated User Defense

        Todd Shipyards asserts that Plaintiff's failure to warn
claims are barred by the sophisticated user defense. Todd
Shipyards asserts that it had no duty to warn either Plaintiff or
the Navy because both were sophisticated as to the hazards of
asbestos. With respect to the Navy, Todd Shipyards cites to
affidavits of Dr. Salot, Admiral Horne, and Dr. Ronald Gots as
evidence of the Navy's sophistication. With respect to
Plaintiff, Todd Shipyards provides no evidence of Plaintiff's sophistication
(either as an individual or as a member of a class or trade) and
instead relies upon California caselaw in asserting that
"sophistication" is imputed to Plaintiff as a matter of law by
virtue of the fact that he was a member of "the specialized trade
of shipbuilding and/or repair." (Def. Mem. at 15.)

    **B.  Plaintiff's Arguments**

Exposure / Causation / Product Identification

        With respect to his strict products liability claim,
Plaintiff contends that Defendant manufactured a product (i.e.,
that a ship is a "product" within the context of strict products
liability law). Plaintiff contends that a ship is comparable to a
mass-produced home. In support of this contention, Plaintiff
cites to California caselaw: Kriegler v. Eichler Homes, Inc., 269
Cal. App. 2d 224 (Cal. App. 1969) and Price v. Shell Oil Co., 2
Cal.3d 245 (Cal. 1970). Plaintiff also cites to various cases
from around the country, as well as comment d of Section 402A of
the Restatement (Second) of Torts, which identifies, large
vehicular and transportation products – including, inter alia,
cars, airplanes, motor homes, and mobile homes – as being
"products" subject to strict products liability law.

        In support of his assertion that he has identified
sufficient evidence to survive summary judgment, Plaintiff cites
to the following evidence:

- Declaration of John Crawford
  Mr. Crawford provides testimony that he
  worked in close proximity to Decedent and
  that the two of them breathed in dust from
  asbestos-containing insulation originally
  installed by Todd Shipyards.

  (Pl. Ex. 5, Doc. No. 22-3.)

- • <u>Declaration of Eugene Henricksen</u>
  Mr. Henricksen provides testimony that, while
  in the berthing space, he and Decedent
  breathed in dust from asbestos-containing
  insulation originally installed by Todd
  Shipyards.

  (Pl. Ex. 6, Doc. No. 22-3.)

- • <u>Declaration of Expert Charles Ay</u>
  Mr. Ay provides expert testimony, the
  substance of which need not be detailed
  herein.

  (Pl. Ex. 7, Doc. No. 22-4.)

- • <u>Declaration of David Schwartz, M.D.</u>
  Dr. Schwartz provides expert testimony that
  the alleged asbestos exposure was a
  significant contributing factor to the
  development of Decedent's illness.

  (Pl. Ex. 8, Doc. No. 22-5.)

- • <u>Declaration of Richard Cohen, M.D., M.P.H.</u>
  Dr. Cohen provides expert testimony that Todd
  Shipyards knew of the hazards of asbestos by
  1943.

  (Pl. Ex. 9, Doc. No. 22-6.)

<u>No Evidence of Negligence</u>

Plaintiff contends that Todd owed him a duty of
reasonable care under the circumstances, which included taking
steps to prevent him from being exposed to respirable asbestos
fibers, that Todd breached that duty when its employees removed
asbestos-containing pipe insulation within close proximity to him
while he was working aboard the <u>USS McKean</u>.

<u>Government Contractor Defense</u>

Plaintiff argues that summary judgment in favor of
Defendant on grounds of the government contractor defense is not
warranted because there are genuine issues of material fact
regarding its availability to Defendant. Plaintiff contends that

Defendant has (1) not produced its contract with the government
or otherwise proven that it was a government contractor, and (2)
not demonstrated a genuine significant conflict between state
tort law and fulfilling its contractual federal obligations
(i.e., that its contractual duties were "precisely contrary" to
its duties under state tort law). Furthermore, Plaintiff asserts
that the government contractor defense is not warranted because
(3) SEANAV Instruction 6260.005 makes clear that the Navy
encouraged Defendant to warn, (4) there is no military
specification that precluded warning about asbestos hazards, and
(5) Defendant cannot demonstrate that it warned the Navy about
the dangers of asbestos known to it but not to the Navy. To
contradict the evidence relied upon by Defendant, Plaintiff cites
to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of
which Plaintiff contends indicates that the Navy not only
permitted but expressly required warnings.

        Plaintiff has also submitted objections to Defendant's
evidence pertaining to the government contractor defense (expert
declarations of Admiral Horne, Dr. Salot, and Dr. Gots).

Sophisticated User Defense

        Plaintiff asserts that Todd Shipyards is not entitled
to summary judgment on grounds of the sophisticated user defense
because (1) maritime law does not recognize the defense, (2) Todd
Shipyards is really arguing for a "sophisticated intermediary
defense" (which is not even recognized by California law), and
(3) even under the sophisticated user defense, Plaintiff merely
worked on Navy ships as a (presumably) unsophisticated worker –
and Defendant has no evidence to the contrary. Plaintiff argues
that "there is absolutely nothing in Johnson speaking to a
scenario contemplated by a sophisticated intermediary defense, or
which would indicate that Johnson was approving anything other
than the sophisticated user defense." (Pl. Opp. at 42.)

    C.  Analysis

Exposure / Causation / Product Identification

        Plaintiff alleges that Decedent was exposed to asbestos
from insulation aboard a ship manufactured by Defendant Todd
Shipyards. However, this Court has held that a Navy ship is not a
"product" for purposes of application of strict product liability
law. Mack, 896 F. Supp. 2d at 345. As such, a shipbuilder
defendant such as Todd Shipyards cannot face liability on a

strict product liability claim. Id. Accordingly, summary judgment
in favor of Defendant Todd Shipyards is warranted with respect to
Plaintiff's claims against it sounding in strict product
liability. Anderson, 477 U.S. at 248.

The Court next considers, separately, Defendant's
potential liability and/or entitlement to summary judgment with
respect to Plaintiff's claims sounding in negligence.

No Evidence of Negligence

Defendant Todd Shipyards contends that it is entitled
to summary judgment on Plaintiff's negligence claims because (1)
Plaintiff cannot establish that Todd breached a legal duty of
care owed to Decedent, and (2) Plaintiff cannot establish that
Todd's conduct was the legal or proximate cause of his alleged
injury. However, this Court has held that a Navy ship builder
owes a plaintiff a duty of reasonable care under the
circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order
dated January 28, 2014)(Robreno, J.). Whether this duty has been
breached is a fact-driven analysis that must be considered on a
case-by-case basis. Id.

In the case at hand, Plaintiff has presented evidence
that Defendant knew of the hazards of asbestos at all times
relevant to this action, including at the time the ship was
built. Plaintiff has presented evidence that Defendant installed
asbestos insulation aboard the ship. It is undisputed that
Defendant did not warn of asbestos products (and, specifically,
asbestos insulation) it installed aboard the ship. Defendant
contends that, unless Plaintiff can establish that the asbestos
insulation to which he was exposed is the same asbestos
insulation that Defendant originally installed aboard the ship
(as opposed to replacement insulation), it cannot be liable
because Plaintiff cannot establish causation between his injury
and Defendant's failure to warn about the insulation it
installed.

The Court disagrees. Regardless of who is ultimately
found to have installed the insulation, if the jury finds that
Defendant's failure to warn about the insulation that gave rise
to Plaintiff's injury was not reasonable under the circumstances,
then Defendant may be liable. If the jury finds that Defendant's
failure to warn about the insulation that gave rise to
Plaintiff's injury was reasonable under the circumstances, then
Defendant is not liable. It is the jury's role to determine

11

whether Defendant's failure to warn about the insulation at issue
(whether original or replacement insulation) was reasonable under
the circumstances, and whether that failure to warn was the cause
of Plaintiff's injury. Accordingly, summary judgment in favor of
Defendant is not warranted with respect to Plaintiff's negligence
claims against it. Anderson, 477 U.S. at 248-50.

Government Contractor Defense

        Plaintiff has pointed to evidence that contradicts (or
at least appears to be inconsistent with) Todd Shipyard's
evidence as to whether the Navy did or did not reflect considered
judgment over whether warnings could be included with asbestos-
containing products. Specifically, Plaintiff has pointed to (a)
MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which
Plaintiff contends indicates that the Navy not only permitted but
expressly required warnings. This is sufficient to raise genuine
issues of material fact as to whether the first and second prongs
of the Boyle test are satisfied with respect to Todd Shipyards.
See Willis, 811 F. Supp. 2d 1146. Accordingly, summary judgment
on grounds of the government contractor defense is not warranted.
See Anderson, 477 U.S. at 248-50.

Sophisticated User Defense

        Defendant Todd Shipyards asserts that it is not liable
for Plaintiff's injuries because both Plaintiff and the Navy (on
whose ships he was exposed to asbestos while working as a
civilian) were both sophisticated as to the hazards of asbestos.
It is true that this Court has previously held that a
manufacturer or supplier of a product has no duty to warn an end
user who is "sophisticated" regarding the hazards of that
product. Mack, 896 F. Supp. 2d at 342. However, Defendant Todd
has presented no evidence that Plaintiff knew – or belonged to a
class of users who, by virtue of training, education, or
employment could reasonably be expected to know – of the hazards
of the asbestos-containing product at issue. Defendant's
assertion that Plaintiff's "sophistication" is imputed by virtue
of the fact that he was a member of "the specialized trade of
shipbuilding and/or repair" – without any evidence in support of
this assertion – is insufficient under maritime law  to establish
that Plaintiff was a sophisticated user of the asbestos-
containing products which gave rise to his injury.

        Moreover, the Court has previously held that the
sophistication of an intermediary (or employer), such as the

E.D. Pa. No. 2:11-67265-ER          **AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

_____

Navy – or the warning of that intermediary (or employer) by a
manufacturer or supplier – does not preclude potential liability
of the manufacturer or supplier. Id. at 343. Therefore, despite
the fact that Defendant has presented evidence that the Navy was
sophisticated as to the hazards of asbestos, summary judgment in
favor of Defendant Todd Shipyards is not warranted on grounds of
the sophisticated user defense. See Anderson, 477 U.S. at 248-50.

### D.    Conclusion

        Defendant Todd Shipyards is entitled to summary
judgment with respect to Plaintiff's strict product liability
claims because a Navy ship is not a "product" within the meaning
of strict product liability law.

        With respect to Plaintiff's remaining negligence-based
claims, Defendant Todd Shipyards has not established that it is
entitled to summary judgment on any of the other bases it has
asserted. First, Defendant has failed to identify the absence of
a genuine dispute of material fact with respect to Plaintiff's
negligence claim because Plaintiff has identified sufficient
evidence to support a negligence claim. Second, Plaintiff has
produced evidence to controvert Defendant's proofs regarding the
availability to Defendant of the government contractor defense.
Finally, Todd Shipyards has not presented evidence to establish
that Plaintiff was a sophisticated user of the asbestos-
containing products at issue as is required to support the
sophisticated user defense under maritime law. Accordingly, with
respect to Plaintiff's negligence claims, summary judgment in
favor of Defendant Todd Shipyards is not warranted.